# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEAON DAVIS,

                Plaintiff,

v.

NELNET, INC., U.S. DEPARTMENT
OF EDUCATION, EQUIFAX, INC.,
EXPERIAN, TRANSUNION, and
INNOVIS,

                Defendants.

Case No. 25-CV-1152-JPS

**ORDER**

## 1. INTRODUCTION

In late August 2024, Plaintiff Deaon Davis ("Davis"), proceeding pro se, filed a complaint in this matter, alleging, inter alia, violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ECF No. 1. Since Davis filed more than five complaints, the Court instructed Davis to pick which two cases she wished to proceed with. ECF No. 4. This is one of the cases that Davis selected. ECF No. 5 at 3–4. The Court then provided Davis with an opportunity to amend her complaint before screening it, ECF No. 6, but she elected not to do so. As such, this Order screens Davis's complaint, ECF No. 1, finding that additional factual detail is necessary to identify the claims on which Davis may proceed. Thus, the Court will grant her leave to file an amended complaint; Davis's failure to timely amend her complaint will result in dismissal of this case for want of prosecution. Davis also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 2, which will be granted.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Davis indicates that she is unemployed, unmarried, and has two children who are her dependents. ECF No. 2 at 1. For each child, she has support obligations in the amount of $555. *Id*. Her monthly income is $2,000 from social security. *Id*. at 2. She receives $80 per month for child support and $216 for food stamps. *Id*. Her expenses include a $603 monthly mortgage payment and a $650 monthly car payment. *Id*. Plaintiff reports no other income, assets,[2] or expenses. *Id*. at 2–4. Based on these representations, the Court concludes that Davis is indigent and cannot afford to pay the filing fee. For the reasons stated *infra* Section 3, the Court also finds that Davis's complaint generally clears the 28 U.S.C. § 1915(e)(2) threshold, although it has several issues that will need to be remedied in an amended complaint. Accordingly, the Court will grant Davis's motion for leave to proceed without prepayment of the filing fee, ECF No. 2.

---

[2]The Court notes that she has a mortgage payment of $603 but later claims she does not own a home. ECF No. 2 at 2–3. Of course, it was likely an error either in selecting mortgage payment instead of rent or in selecting the option that she did not own a home. Ultimately, it does not affect the Court's finding that Davis is indigent.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2    Davis's Factual Allegations[3]

Davis's factual allegations are scant. Davis "was placed in an approved forbearance through Nelnet and the Department of Education." ECF No. 1 at 2. Nelnet falsely reported to Equifax, Experian, Transunion, and InnoVis that Davis was 90 days delinquent even though the forbearance was active. *Id*. Davis had her credit score drop by 73 points, "resulting in denials for credit line increases on two credit cards." *Id.* Davis "suffered emotional distress, anxiety, and reputational damage." *Id*. "Although Nelnet later corrected the errors, only 23 points were restored," leaving Davis "with a net loss of 50 points." *Id*. Davis identifies Equifax,

---

[3]Citations to the facts laid out in this section are omitted in later analysis.

Experian, TransUnion, and InnoVis as consumer reporting agencies ("CRAs"). *Id*. at 1. Davis identifies Nelnet as a student loan servicer and the Department of Education as a federal agency. *Id*. Davis sues on the basis of the Fair Credit Reporting Act generally, but she does not cite a particular subdivision. *See generally id*.

### 3.3 Analysis

#### 3.3.1 Nelnet[4]

To understand Davis's claim against Nelnet, a brief review of the Fair Credit Reporting Act is necessary. It was enacted, in part, to ensure "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). Section 1681s–2 deals specifically with the duties imposed on "furnishers," i.e., companies (such as Nelnet) that furnish information to CRAs like Equifax, Experian, and Transunion. Subparagraph (a) of section 1681 s–2 imposes on furnishers a number of requirements and restrictions regarding the accuracy of their information, producing certain types information, and correcting erroneous information. *Id.* § 1681s–2(a).

Subparagraph (b) deals with a furnisher's obligations after it receives notice of a dispute regarding "the completeness or accuracy" of information it had provided to a CRA. *Id.* § 1681s–2(b). A direct consumer complaint to a furnisher does not trigger the furnisher's obligations under section 1681s–2(b); rather, those obligations begin when the furnisher receives notice from

---

[4]The Court takes judicial notice of the fact that Nelnet is the "Department of Education's disability discharge servicer." *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 486 (7th Cir. 2019); *see also Dep't of Agr. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (noting "federal agencies are among 'the largest furnishers of credit information' to consumer reporting agencies" (citation omitted)). The Fair Credit Reporting Act permits claims against federal agencies. *Kirtz*, 601 U.S. at 64.

a CRA that a consumer disputes a reported item. *Id.* §§ 1681i(a)(2), 1681s–2(b); *Peterson v. Great Midwest Bank*, No. 25-C-1386, 2026 WL 115014, at *2 (E.D. Wis. Jan. 15, 2026) (citing *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 707 (7th Cir. 2024)). In giving that notice to the furnisher, the CRA "shall include all relevant information regarding the dispute that the agency has received from the consumer . . . ." *Id.* § 1681i(a)(2)(A). Once a furnisher receives notice from a CRA, it must conduct an investigation, "review all relevant information provided by the [CRA]," report the results of the investigation to the CRA, and—if information is found to be inaccurate or incomplete—"report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." *Id.* § 1681s–2(b)(1). And, if the disputed information is "inaccurate," "incomplete," "or cannot be verified," the furnisher must modify, delete, or permanently block the reporting of that item of information." *Id.*

A consumer may maintain an action against a furnisher for violations of section 1681s–2(b). *See id.* §§ 1681n, 1681o. No private right of action exists, however, for violations of section 1681s–2(a). *Id.* § 1681s–2(c); *Lang v. TCF Nat'l Bank*, 338 F. App'x 541, 544 (7th Cir. 2009) (citing *Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006); *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1020 n.13 (9th Cir. 2009); and *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008)). Instead, only certain governmental units have authority to enforce furnisher obligations under section 1681s–2(a). 15 U.S.C. § 1681s–2(d). Accordingly, Davis can base her claims against Nelnet only on alleged violations of section 1681s–2(b); any violations of section 1681s–2(a), even if proven, are not actionable in this lawsuit.

To establish a claim under section 1681s–2(b), "the Seventh Circuit [has] articulated two threshold requirements." *Huizar v. Horizon Bank*, No. 4:22-CV-60-PPS, 2025 WL 3673572, at \*4 (N.D. Ind. Dec. 17, 2025) (citing *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023)). First, the plaintiff must make "a prima facie showing that the data furnisher provided incomplete or inaccurate information." *Id*. (citing *Frazier*, 72 F.4th at 775). Second, the plaintiff must "show that the incompleteness or inaccuracy was the product of an unreasonable investigation—that is, had the furnisher conducted a reasonable investigation, it would have discovered that the data it provided was incomplete or inaccurate." *Id*. (citing *Frazier*, 72 F.4th at 775).

As to the latter requirement, "incompleteness or inaccuracy under § 1681s-2(b) requires a showing that the information the data furnisher provided was (1) patently incorrect, or (2) materially misleading, including by omission." *Id*. (citing *Frazier*, 72 F.4th at 776). "Materially misleading means 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id*. (citing *Frazier*, 72 F.4th at 776). Notably, the "Seventh Circuit [has] explicitly rejected the argument that § 1681s-2(b) requires evaluation of the completeness or accuracy of the *credit report* generated from a furnisher's response." *Id*. (emphasis in original) (citing *Frazier*, 72 F.4th at 776). "Rather, 'completeness or accuracy is evaluated objectively based on the content of the furnisher's [automated credit dispute verification] response' to a CRA." *Id*. (citing *Frazier*, 72 F.4th at 777)).

At this stage, Davis need not allege that Experian, Equifax, TransUnion, or InnoVis provided notice to Nelnet of the incorrect

information. *Peterson*, 2026 WL 115014, at *2 (citing § 1681s–2(b)(1)).[5] "It is enough for the plaintiff to allege the name of the CRA that [s]he notified." *Id.* (citing *Freeman*, 113 F.4th at 707). Here, however, Davis has not alleged that she alerted any of four credit reporting agencies of the dispute and she cannot merely allege that Nelnet falsely reported information and expect the CRAs to take action on their own accord. The Court notes that one of the documents Davis attached to her complaint, ECF No. 1-1 at 4, seems to suggest that she notified Nelnet directly about the false delinquency notice(s), but without information about the form, content, and timing of that correspondence, the Court cannot analyze whether Davis has sufficiently stated a claim.

Further, Davis has not alleged that the incorrect information was the product of an unreasonable investigation on the part of Nelnet. *See generally* ECF No. 1; *see also Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 808 (7th Cir. 2023) ("In a nation of 330 million people, billions of pieces of credit information are generated each year. Mistakes in compiling and reporting that information are inevitable."). Thus, with the current allegations, Davis cannot proceed against Nelnet. The Court will allow Davis to amend her complaint to address these issues. Any amended complaint Davis files should allege when and how she notified Nelnet of the false information, along with the pertinent details surrounding the form, content, and timing of that notification; it should further allege how Nelnet failed to follow reasonable procedures to investigate the accuracy of the data it sent to the CRAs.

---

[5]The Court addresses only subsection 1681s–2(b) given that Davis cannot proceed under subsection 1681s–2(a) because there is no private right of action, as explained earlier.

### 3.3.2 Experian, Equifax, Transunion, and Innovis

"The [Fair Credit Reporting] Act imposes duties on [CRAs] to prepare consumer credit reports using 'reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates.'" *Humphrey v. TransUnion LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (quoting 15 U.S.C. § 1681e(b)). When a consumer files a dispute, a CRA must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." *Id*. (quoting 15 U.S.C. § 1681i(a)(1)(A)). Therefore, "the consumer must sufficiently allege that h[er] credit report contains inaccurate information"[6] in order "[t]o state a claim under the Act's accurate reporting (§ 1681e) and reinvestigation provisions (§ 1681i)." *Id*. (emphasis omitted) (citing *Wantz v. Experian Info. Sols*., 386 F.3d 829, 834 (7th Cir. 2004) and *Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994)). After alleging a factual inaccuracy in a report, a plaintiff may bring a claim against a CRA under

---

[6]This requires that the information at issue be *factually* inaccurate; information that requires a legal conclusion to be considered inaccurate does not meet this requirement. *See Humphrey*, 759 F. App'x at 488 ("Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); *id*. (A plaintiff "may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure" (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008))). The factual nature of an alleged inaccuracy is a threshold requirement for a claim under the Fair Credit Reporting Act. *Huizar v. Experian Info. Sols. Inc*., No. 4:22-CV-85-PPS, 2025 WL 3089530, at *4 (N.D. Ind. Nov. 5, 2025) (quoting *Chuluunbat v. Experian Info. Sols., Inc*., 4 F.4th 562, 567 (7th Cir. 2021) and citing *Walton v. BMO Harris Bank N.A*., 761 F. App'x 589, 591 (7th Cir. 2019)). The Court does not determine, at this juncture, whether Davis's alleged forbearance constitutes a factual or legal inaccuracy, but welcomes briefing on the issue should the case proceed beyond screening.

§ 1681e(b) (the procedural requirement) or § 1681i (the reinvestigation requirement).

First, under the procedural requirement of § 1681e(b), a plaintiff must sufficiently allege that "(1) there was inaccurate information contained in the background report and (2) the inaccuracy was due to the reporting company's failure to follow reasonable procedures to ensure maximum accuracy." *McNamara v. HireRight Sols., Inc.*, No. 13 C 5215, 2014 WL 321790, at *3 (N.D. Ill. Jan. 29, 2014) (citing *Henson*, 29 F.3d at 284). The statute is not one of strict liability. *Id.* at *3 (citing same). Davis's complaint does not allege that any of the four named CRAs failed to have reasonable procedures in place, or that they failed to follow them. As such, Davis cannot proceed under § 1681e(b) against Experian, Equifax, Transunion, or Innovis with her current allegations.

As for a claim under the reinvestigation requirement of § 1681i, such a claim requires a plaintiff to plead that she "contacted [the CRA] and notified it of the disputed [information]," and that, once armed with that information, the CRA "did not conduct a proper reinvestigation and failed to the correct the inaccurate information." *Henson*, 29 F.3d at 286. Davis alleges neither of these things for any of the four named CRAs.

The Court will grant Davis leave to amend her complaint to attempt to resolve these deficiencies against the CRAs if she can do so by including additional allegations that would go to a claim under either § 1681e or § 1681i.

### 3.3.3 Department of Education

Davis's complaint contains no allegations against the Department of Education, despite naming it as a party. The Court thus remains uncertain as to what the nature her claim against the Department of Education might

be. A complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47)). To that end, if Davis chooses to maintain a claim against the Department of Education in any amended complaint, her allegations against it need not be long or contain legal language or citations to statutes or cases, but they do need to provide the Court and the Department of Education with notice of what it allegedly did or did not do to violate her rights. If Davis again names the Department of Education, or any other party, without alleging that party harmed her in some way, the Court will summarily dismiss that party from this case.

### 3.3.4 Statute of Limitations

Davis's complaint contains no dates from which the Court can apply any relevant statute of limitations. In any amended complaint, Davis must detail when the alleged unlawful conduct took place, because Davis has only a limited time to bring these claims. *See* 15 U.S.C. § 1681p (noting that plaintiffs must bring their Fair Credit Reporting Act claims no later than the earlier of: two years from the date of that the plaintiff discovered the violation, or five years from the date of the violation).

### 4. CONCLUSION

For the reasons stated above, the Court will grant Davis's motion for leave to proceed without prepayment of the filing fee. Having determined that she may not proceed against any Defendant under her current complaint, the Court will grant Davis leave to amend her complaint to provide the additional factual details described above. Any amended complaint must be filed on or before **June 2, 2026**. The Court is enclosing a copy of its amended complaint form and instructions.

Davis is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint, which is effectively withdrawn. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) and *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include all of the allegations and claims that Davis wishes to make, in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915. If Davis does not timely file an amended complaint by this deadline, the Court will dismiss the case without prejudice for failure to prosecute. *See* CIV. L.R. 41(c).

Accordingly,

**IT IS ORDERED** that Plaintiff Deaon Davis's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **June 2, 2026**, Plaintiff Deaon Davis shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to timely file an amended complaint will result in dismissal of this case without further notice for failure to prosecute; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff Deaon Davis a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.